FILED
FEBRUARY 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1151**

| | |
|---|---|
| **TONI RICHMOND,** | |
| Plaintiff, | No. |
| v. | |
| **EXELON GENERATION COMPANY, LLC,** | **JUDGE SHADUR**<br>**MAGISTRATE JUDGE BROWN** |
| Defendant. | <u>Jury Trial Requested</u> |

## COMPLAINT

NOW COMES Plaintiff, TONI RICHMOND, by and through her counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, EXELON GENERATION COMPANY, LLC, states as follows:

### PRELIMINARY STATEMENT

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e <u>et seq</u>. Plaintiff also seeks mandatory injunctive relief and damages to redress discriminatory employment practices engaged in by Defendant.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e <u>et seq</u>. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

1

## VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4. Plaintiff, TONI RICHMOND, is a female citizen of the United States of America and is a resident of the State of South Carolina.

5. Defendant, EXELON GENERATION COMPANY, LLC is a corporation properly recognized and sanctioned by the laws of the State of Pennsylvania, and at all times did and continues to do, business in Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

## PROCEDURE

6. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 22, 2008. The EEOC issued Plaintiff a Notice of Right to Sue on February 7, 2008, which Plaintiff received on February 14, 2008. The Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

## COUNT I – SEX DISCRIMINATION – TITLE VII

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. Defendant hired Plaintiff as an Instructor on June 15, 1998 and promoted her to Training Manager, a position that she held successfully for the last five plus (5+) years of her employment.

9. From February 2006 through the end of her employment with Defendant, Plaintiff

was stationed at Defendant's LaSalle County, Illinois Station, which housed an almost entirely male workforce.

10. Throughout the past nine and a half (9.5) years of employment with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction as exemplified by Plaintiff's promotions and by her positive performance evaluations.

11. From June 2007 through the date of her constructive discharge, Plaintiff was subjected to a course of discriminatory treatment because of her sex, female, by management.

12. To discriminate against her on the basis of her sex, Defendant subjected Plaintiff to a different set of terms and conditions than her male counterparts designed to set her up for failure. Such discriminatory treatment includes, but is not limited to:

(a) Defendant granting its male Training Managers additional resources, not provided to Plaintiff, to improve their work performance, including, but not limited to, granting additional time and staff to assist male Training Managers in completing their ASER report but refusing to provide Plaintiff with any support to write her ASER report;

(b) Defendant assigning Plaintiff additional tasks, such as creating project plans, that it did not require its male Training Managers to complete;

(c) Defendant excluding Plaintiff, the only female, from its Training Managers' meetings;

(d) Defendant disciplining Plaintiff for conduct that it did not discipline its male Training Managers; and

(e) Defendant cancelling Plaintiff's vacation time in order to prepare for the LaSalle

Station's upcoming regulatory agency accreditation evaluations, but permitting another male Training Manager to take his scheduled vacation at the same time Plaintiff was scheduled for vacation.

13. Despite management's opposition to her success, Plaintiff's performance was still equal to, and exceeded in many respects, her male counterpart's performance; however, Defendant still gave Plaintiff a negative annual review, based upon misrepresentations, in a manner not afforded to Defendant's male Training Managers.

14. Disregarding the fact that Plaintiff's performance was equal to and exceeded her male counterparts' performance, and by using her fabricated annual review as support, Defendant placed Plaintiff on a performance improvement plan ("PIP") without placing any of her lesser performing male counterparts on one.

15. To further set Plaintiff up for failure, Defendant disregarded its customary procedures and delayed placing Plaintiff on a PIP for two (2) months after her annual review. Instead of immediately placing her on a PIP, Defendant's two (2) month delay cost Plaintiff an opportunity to improve her final performance ratings for the year which determined her annual bonus.

16. Beginning in October 2007, and continuing through her compelled resignation, Plaintiff reported her supervisors' discriminatory treatment against her through all available channels, including Human Resources and Defendant's Employee Concerns Program, but no action was taken to rectify the disparate treatment.

17. After Plaintiff reported the discriminatory treatment she received during her employment with Defendant, Plaintiff's male supervisors and coworkers exacerbated their discriminatory treatment against Plaintiff. Examples of such retaliatory conduct includes creating

for Plaintiff a fearsome work environment through unwarranted acts such as berating Plaintiff during department meetings, threatening her with termination, and refusing to provide Plaintiff with the requisite resources given to other male Training Managers.

18. Because Plaintiff was unable to alleviate the discrimination levied against her after exhausting all channels available to her, Plaintiff was ultimately forced to end her employment as the discriminatory conditions continued and became so egregious that Plaintiff could no longer perform her job. Defendant's failure to take any action to alleviate the discriminatory work environment resulted in a constructive termination of Plaintiff's employment

19. After Plaintiff was forced to end her employment, Defendant replaced Plaintiff with a male employee.

20. The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff because of her sex in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

21. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TONI RICHMOND, prays for judgment against Defendant, EXELON GENERATION COMPANY, LLC, and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns,

        and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex;

    C.    Order Defendant to make whole TONI RICHMOND by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

    D.    Order Defendant to pay lost, foregone, and future wages to TONI RICHMOND;

    E.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

    F.    Grant Plaintiff her attorney's fees, costs, disbursements; and

    G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II - RETALIATION - TITLE VII

22.     Paragraphs one (1) through nineteen (19) are incorporated by reference as if fully set out herein.

23.     From October 2007 through the date of her constructive discharge, Plaintiff complained to Defendant's Human Resources representative, Deborah Schumanis, and Defendant's Employee Concerns Program about the discriminatory treatment to which she was subjected based on her sex, female.

24.     Plaintiff engaged in statutorily protected conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on her opposition to and reporting of Defendant's discriminatory conduct towards female employees.

25.     In opposing the discriminatory terms and conditions of her employment to which she was subjected, Plaintiff made her complaints against the same individuals who soon thereafter

retaliated against Plaintiff for exercising her statutory rights.

26. To retaliate against Plaintiff, Defendant subjected Plaintiff to differing terms and conditions of employment than her male counterparts and further intensified their adverse treatment against her through a course of harassment and intimidation, such as disciplining Plaintiff for conduct that it was not also disciplining its male Training Managers, making unwarranted threats of termination to Plaintiff, and refusing to provide Plaintiff with the assistance provided to its male Training Managers.

27. Defendant's asserted reasons for treating Plaintiff differently are pretext for Defendant's retaliatory motives as Plaintiff's similarly situated male coworkers were not disciplined for the same conduct that led to Plaintiff's discipline and were given the assistance refused to Plaintiff.

28. The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to sex discrimination, depriving Plaintiff of the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

29. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TONI RICHMOND, prays for judgment against Defendant, EXELON GENERATION COMPANY, LLC, and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under

        appropriate Federal Law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex; and retaliates against an individual for complaining of an unlawful employment practice;

C.     Order Defendant to make whole TONI RICHMOND by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Order Defendant to pay lost, foregone, and future wages to TONI RICHMOND;

E.     Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.     Grant Plaintiff her attorney's fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

30.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

        Respectfully submitted,

        TONI RICHMOND, Plaintiff,

        By:  s/Lisa Kane
              Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093